FONTAINE, Appellant, vs. COOLEY, Respondent.

*April 4—April 24, 1917.*

*Libel: Newspaper publication: Questions for jury: Harmless error: Evidence.*

1. Although a newspaper publication concerning plaintiff was libelous *per se,* the error in submitting to the jury the question whether it was libelous or not was not prejudicial to plaintiff where the jury found it libelous and awarded damages.
2. Certain other newspaper publications concerning plaintiff not being libelous *per se,* the submission to the jury of the questions whether they were libelous and whether they were true, and the admission of evidence as to those issues, was not error.

APPEAL from a judgment of the circuit court for Wood county: BYRON B. PARK, Circuit Judge. *Affirmed.*

Action for libel. Three alleged causes of action are set out in the complaint. The first cause of action is for the publication in the Daily Leader, published [in Grand Rapids,

Wisconsin] by the defendant, of an article on the 19th day of November, 1915, which is entitled "What Did He Really Intend to Do?" and another article in the same issue entitled "That Court House Sensation."

The second cause of action is for the publication of an article in the Daily Leader on the 22d of November, 1915, entitled "Why Should We Shield Him?" and an article in the issue of November 23, 1915, entitled "Don't Believe It."

The third cause of action is for the publication in the Wisconsin Valley Leader on November 25, 1915, of the article "That Court House Sensation" and the article "Why Should We Shield Him?" and the article "Don't Believe It."

The defendant answered admitting the ownership of the papers in which the alleged articles were published and that they had a large circulation. The answer further alleges that the articles referred to the payment to the plaintiff of $214.70 by the county treasurer and the county clerk of Wood county on and prior to the 15th day of November, 1915, which was in fact a re-payment of two bills which had been paid prior thereto, and alleges that the statement regarding said matter contained in said alleged defamatory articles was true. Some additional facts were alleged in the answer with reference to other payments to the plaintiff by the county clerk and county treasurer. The answer denies that it charged the plaintiff with knowingly and fraudulently converting to his own use moneys of the county of Wood or that he was guilty of larceny, and denies that it at any time charged plaintiff with fraudulently receiving or converting to his own use any sum whatever. Some other matters are alleged in the answer not necessary to recite here.

At the close of the evidence the plaintiff moved that only the question of damages be submitted to the jury, on the ground that the articles were libelous *per se* and that no justification had been shown.

The court submitted a special verdict. The jury found as follows:

"(1) Would' a person of average comprehension, upon reading the articles set forth in the plaintiff's first cause of action, ordinarily have understood that plaintiff was by said articles accused of knowingly taking and converting to his own use the overpayment of $214.70? A. Yes.

"(2) Do the articles set forth in the first cause of action, construed in the plain and popular sense in which the words therein would naturally be understood, and considering the scope and object of the entire articles, contain accusations tending to subject the plaintiff to social disgrace, public distrust, hatred, ridicule, or contempt? A. Yes.

"(3) If you answer questions 1 and 2, or either of them, 'Yes,' then answer this question: Were the accusations against the plaintiff contained in said articles true? A. No.

"(4) If the court should be of the opinion that plaintiff should recover on the first cause of action, at what sum do you assess the plaintiff's compensatory damages? A. $100.

"(5) Was the defendant actuated by express malice against the plaintiff in causing said articles to be published? A. No.

"(6) If you answer question 5 'Yes' and determine to assess punitory damages, then answer this question: At what sum do you assess plaintiff's punitory damages? A. ———.

"(7) Would a person of average comprehension, upon reading the article set forth in the plaintiff's second cause of action, ordinarily have understood that plaintiff was by said article accused of knowingly taking and converting to his own use moneys of the county? A. No.

"(8) Does the article set forth in the second cause of action, construed in the plain and popular sense in which the words therein would naturally be understood and considering the scope and object of the entire article, contain accusations tending to subject the plaintiff to social disgrace, public distrust, hatred, ridicule, or contempt? A. No.

"(9) If you answer questions 7 and 8, or either of them, 'Yes,' then answer this question: Were the accusations against the plaintiff contained in said article true? A. Not answered.

"(10) If the court should be of the opinion that plaintiff

should recover on the second cause of action, at what sum do you assess the plaintiff's compensatory damages? *A.* Nothing.

“(11) Was the defendant actuated by express malice against the plaintiff in causing said article to be published? *A.* ——.

“(12) If you answer question 11 'Yes' and determine to assess punitory damages, then answer this question: At what sum do you assess plaintiff's punitory damages? *A.* ——.

“(13) Would a person of average comprehension, upon reading the articles set forth in the plaintiff's third cause of action, ordinarily have understood that plaintiff was by said articles accused of knowingly taking and converting to his own use the overpayment of $214.70? *A.* No.

“(14) Do the articles set forth in the third cause of action, construed in the plain and popular sense in which the words therein would naturally be understood and considering the scope and object of the entire articles, contain accusations tending to subject the plaintiff to social disgrace, public distrust, hatred, ridicule, or contempt? *A.* No.

“(15) If you answer questions 13 and 14, or either of them, 'Yes,' then answer this question: Were the accusations against the plaintiff contained in said articles true? *A.* ——.

“(16) If the court should be of the opinion that plaintiff should recover on the third cause of action, at what sum do you assess the plaintiff's compensatory damages? *A.* Nothing.

“(17) Was the defendant actuated by express malice against the plaintiff in causing said articles to be published? *A.* No.

“(18) If you answer question 17 'Yes' and determine to assess punitory damages, then answer this question: At what sum do you assess plaintiff's punitory damages? *A.* ——.”

Judgment was rendered upon the verdict in favor of the plaintiff for $100 damages and costs, and plaintiff appealed.

For the appellant there was a brief by *Goggins, Brazeau & Goggins* of Grand Rapids, and oral argument by *T. W. Brazeau* and *Hugh W. Goggins.*

*Geo. L. Williams* of Grand Rapids, for the respondent.

KERWIN, J.    The main contention of the appellant is that the publication set up in each cause of action is libelous *per se* and that the court should have so instructed the jury.

We are of opinion that the publication set up in the first cause of action is actionable *per se,* but as to the second and third causes of action the questions were for the jury, and the jury found the publications not actionable.

While it was error to submit the question of whether the publication set up in the first cause of action was libelous or not, the error was not prejudicial under the finding of the jury in favor of appellant and award of damages to him.

The appellant argues the errors assigned under two heads, viz.: (1) failure of the court to hold the articles set up in the second and third causes of action libelous *per se;* and (2) in submitting to the jury whether libelous or not and whether true or not.    These issues were proper under the pleadings, and the evidence submitted under them was nonprejudicial.    Counsel for appellant complains of a "flood of evidence" admitted which it is claimed prejudiced the jury and should have been excluded.    If counsel for appellant were correct in his contention that the publications set up in the second and third causes of action are actionable *per se,* then there would be force in the contention; but since this court holds that the articles set up in the second and third causes of action are not libelous *per se,* the evidence was competent and no prejudicial error was committed in admitting it.

The case seems to have been fairly tried and no prejudicial error committed.

*By the Court.*—The judgment is affirmed with costs.